Filed 3/17/23 Marriage of Mustafa CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ANWAR and NANCY MUSTAFA. | H050056 (Santa Clara County Super. Ct. No. 18-FL-003026) |
| ANWAR MUSTAFA, Appellant, v. OBDULIA LOPEZ, Respondent. | |

Appellant Anwar Mustafa appeals from a trial court order modifying temporary child and spousal support. Mustafa asserts the order was erroneously based on unforgivable loans he had received and was obligated to repay. He contends that Family Code section 4058[1] does not permit loan funds to be used as income for calculating guideline child support.

We conclude that Mustafa has failed to establish the factual premise for his claim of error and affirm the order.

---

[1] Unspecified statutory references are to the Family Code.

# I. FACTS AND PROCEDURAL BACKGROUND

Anwar and respondent Nancy Mustafa, who goes by the name Obdulia Lopez, had been married for 26 years when they separated in 2018. They have one adult child and one minor child, and the minor child remained in Lopez's sole custody after separation. Anwar filed for dissolution of their marriage in July 2018. The initial December 2018 temporary child and spousal support order required Anwar to pay $1,262 a month in spousal support and $1,683 a month in child support to Lopez.

In August 2020, at Anwar's request, Anwar's temporary child and spousal support obligations were reduced to $0 due to his asserted loss of income as a result of the pandemic. Anwar's income was derived from his business, which operated cafeterias at three community college campuses. When the pandemic began in 2020, all of the campuses closed. At the August 2020 hearing, the court declined to consider as income to Anwar $72,000 his business had received in "Paycheck Protection Program" (PPP) funds because these funds were for business purposes. Both before and after the August 2020 order, Anwar repeatedly transferred funds from his business account to his personal account to pay his personal expenses.

In November 2021, Lopez filed a request for modification of the temporary child and spousal support order. She asserted that Anwar's prior representations that he had no business income were inaccurate because he had failed to disclose that he had received "PPP loan funds" that he had transferred from his business account to his personal account. She maintained that these transferred funds were not used for business expenses but to fund Anwar's personal expenses. On this basis, she argued that the transferred funds were "available to him for purposes of support." Lopez asserted that these transfers added up to $9,000 per month in income, and she sought monthly child support in the amount of $2,132. However, her expert's analysis of Anwar's income, based on these transfers, showed that Anwar had received an average of $3,376.16 per month in "Draws" from the business in 2021.

2

Lopez submitted Anwar's business and personal bank records in support of her request. Anwar's business's bank records showed a $10,000 April 2020 deposit, a May 2020 deposit of $71,420, and a $149,900 deposit in July 2020. His personal bank records showed that Anwar had made a series of transfers of funds from his business's account to his personal account. Anwar's business's balance sheet showed a $392,696.68 balance as of October 20, 2021.[2] This balance sheet also reflected that the business had received a "PPP Loan" of $431,420 and an "Other" loan of $149,900. According to the balance sheet, Anwar's business's loan obligations exceeded the business's assets.

Anwar opposed Lopez's request. He declared that he had received both "PPP monies" and "SBA loans," but he did not specify the amounts. After the community college campuses partially reopened, Anwar's business resumed receiving revenues, though Anwar asserted that his business was unprofitable because so many fewer students were present on campus. Anwar declared that he received both PPP funds and funds from the Small Business Administration's Economic Injury Disaster Loan (EIDL) program. He did not include any of these funds as income on his income and expense declarations because he understood that these funds were for business purposes and that the EIDL loans were required to be repaid. Nevertheless, Anwar continued to transfer funds from his business account to his personal account to use for his personal expenses. Anwar admitted that the PPP loan was "forgiven."

Anwar's January 2022 income and expense declaration reported no income but $370,000 in his bank accounts and monthly expenses of $5,469. Anwar submitted a profit and loss statement for his business that showed a net loss for 2021. Anwar conceded that he had taken a "[d]raw[]" of $31,256 from his business for his personal expenses between January 2021 and October 2021, which amounted to $3,376 per month.

_____

[2] The record does not indicate who prepared this balance sheet, which was attached as an exhibit to Lopez's trial counsel's supplemental declaration and was also submitted to the court by Anwar's trial counsel.

Lopez's request for modification was heard in February 2022. Anwar was the only witness who testified at the hearing. His testimony did not identify the amounts of the PPP loans or the EIDL loans. He testified only that he was obligated to repay the loans at a rate of $30,000 per year. Although his trial counsel argued that Anwar had received $431,420 in "EIDL" loans that were not "forgivable," no evidence was presented to support this asserted amount. His trial counsel also asserted that the $370,000 in Anwar's business's bank account were remaining loan proceeds from EIDL loans that Anwar was obligated to repay, but no evidence was submitted on this point.

The court decided that any funds that Anwar withdrew from his business accounts to pay his personal expenses should be considered income available for support purposes. The court reviewed the bank records and decided that Anwar had withdrawn $4,878 per month from his business to pay his personal expenses. Based on that figure, the court ordered Anwar to pay $1,069 per month in temporary child support and $304 per month in temporary spousal support beginning at the time Lopez filed her request. Anwar timely filed a notice of appeal from these orders.

## II. DISCUSSION

Temporary child and spousal support orders are authorized by section 3600. The "statewide uniform guideline for determining child support" is a mathematical formula set forth in section 4055. The amount calculated under this formula is "presumed to be the correct amount of child support to be ordered." (§ 4057, subd. (a).) The formula depends on the parents' "income." (§ 4055, subd. (b)(1)(B).) Section 4058 defines "income" for child support purposes. "The annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c)[3] and

---

[3] Subdivision (c) provides, among other things, that income does not include "income derived from any public assistance program, eligibility for which is based on a determination of need." (§ 4058, subd. (c).) Subdivision (b) provides that a court "may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income." (*Id.*, subd. (b)(1).)

4

includes, but is not limited to, the following: [¶] (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article. [¶] (2) Income from the proprietorship of a business, such as gross receipts from the business reduced by expenditures required for the operation of the business. [¶] (3) In the discretion of the court, employee benefits or self-employment benefits, taking into consideration the benefit to the employee, any corresponding reduction in living expenses, and other relevant facts." (§ 4058, subd. (a).) Spousal support orders are governed by a different standard that takes "into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living." (§ 4320, subd. (c).)

The issue that Anwar identifies for our decision is "whether loan proceeds received through the EIDL constitute income available for support." However, the record that he has produced does not present that issue for our consideration. "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

The record produced by Anwar does not reflect that the funds he transferred into his personal bank account, which were the funds the trial court considered to be his "income," were EIDL funds rather than PPP funds. His business's balance sheet reflected that the vast majority of the loans to his business had been PPP funds, and Anwar produced no evidence to the contrary. Accordingly, Anwar cannot establish that

5

the trial court's reliance on these transfers was improper, as he concedes that his PPP loans were forgiven and could properly be considered income for child support purposes.

## III.  DISPOSITION

The trial court's order is affirmed.

_____

Danner, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P.J.




_____

Wilson, J.




**H050056**
*Mustafa v. Lopez*